# STRAFFORD,

## JUNE TERM, A. D. 1860.

## WORSTER *v.* GREAT FALLS MANUFACTURING COMPANY.

An acknowledgement in writing by a mortgagor, that the mortgagee has entered and taken peaceable possession of the mortgaged premises for the purpose of foreclosing; that he is in full and peaceable possession; with an agreement that an entry by the mortgagor during the year, for the purpose of taking the crops and carrying on the premises, shall not be considered, treated, or claimed to be, in derogation of the mortgagee's possession, but in subordination to it, is not evidence of a foreclosure of the mortgage, nor of actual possession, against a stranger.

A lease by the assignee of a mortgage not foreclosed, who is not in actual possession, will confer no right to sue for flowage.

CASE. The writ, dated December 12, 1855, sets forth that the plaintiff, Susan M. Worster, on the 1st of August, 1853, and since, was possessed of two acres in common and undivided of a tract of land in Rochester, containing fifty acres (described), and the defendants then and since have maintained a dam called Mastpoint dam, partly in Somersworth and partly in Berwick, Me., across Salmon Falls river, and thereby caused the water of said river to overflow the plaintiff's said land, whereby her grass, &c., was damaged, &c., and her land made spongy, &c.

A second count differs in alleging the plaintiff's possession of two fiftieth parts in common of a tract of fifty acres, &c., and it alleges the damage to be done since August 1, 1853, and especially on the 10th and 11th days of December, 1855.

The plaintiff traced her title from one Chick, who conveyed the farm, of which the premises were part, to Ezra H. Pray, in March, 1846. At this date E. H. Pray made a mortgage of this farm to J. Greenfield, to secure a note of $1400. On the 6th of July, 1848, Greenfield, by an assignment on said mortgage, not acknowledged, but recorded, assigned the land, mortgage and debt to Dudley Pray, with power to collect, foreclose, &c., and indorsed to him the note, on which there had been indorsed $500, by Wingate's note, May 2, 1846, and $174, July 6, 1848.

On the 8th of July, 1848, E. H. Pray executed on the back of the mortgage a writing in the following form :

"Know all, &c., that I, E. H. Pray, &c., in consideration that D. Pray has become indorsee, &c., and has taken an assignment, &c., and that the condition, &c., is broken, and said D. has entered upon and taken peaceable possession of the within described premises, for the purpose of foreclosing the same, for condition broken, hereby agree, &c., and acknowledge said D. to be in full and lawful possession of, &c., premises, and hereby acknowledge that any entry by me upon said premises, for the purpose of taking and carrying away the crops now growing on said premises, and otherwise carrying on and improving said premises, during the year next ensuing, shall not be considered, nor treated, or claimed by me to be in derogation of said D.'s possession, but in subordination to said D.'s possession, for the purpose of foreclosing the mortgage as aforesaid. Signed, sealed, &c.

E. H. PRAY." (Seal.)

(Recorded November 6, 1857, but with no witness or acknowledgment.)

The mortgage of E. H. Pray included the whole of the farm conveyed by Chick to him, containing about one hundred and thirty acres, and all other land owned by him in Rochester. About fifteen or eighteen acres were

sold by E. H. Pray to Wingate, and released by Green-field before the assignment.

On the 7th of July, 1849, D. Pray conveyed to E. H. Pray the west part of the Chick land, except the fifty acres described in the writ, for the consideration of $600.

On the 1st of August, 1853, D. Pray executed to the plaintiff an instrument in this form :

" This indenture, made, &c., between S. M. Worster, of, &c., and D. Pray, of, &c., witnesseth that the said Pray, for the consideration of fifty dollars per year, to be paid by said S. on or before the expiration of each and every twelve months from the date hereof, doth demise, lease and let to the said S., &c., so long as the said S., &c., shall annually pay the consideration aforesaid, two acres of land, with all rights, &c., to be held in common and undivided with me, the said P., &c., in a certain tract, &c. (described).

In witness, &c.,                           D. P." (Seal.)

(Signed, &c., by two witnesses, acknowledged and recorded.)

It was then objected by the defendants, that the plain-tiff had shown no title to maintain this action. D. Pray had only an assignment of Greenfield's mortgage. The agreement of E. H. Pray with D. Pray did not make a foreclosure, nor show that there was any. A mortgage cannot be foreclosed in this manner. D. Pray could not maintain the action unless he was proved to be mortgagee in possession, which is not shown ; and if not, he could not give any other person authority to maintain the action. The paper called a lease is not one. It is merely a conditional grant, or a license in form of a lease. There is no covenant in it to pay rent. It is in consideration of fifty dollars to be paid annually ; a conditional deed that she may occupy, on such payment. Neither occupation nor payment has been proved. Though it purports to be an indenture, it is signed by D. Pray alone.

Worster *v.* Manufacturing Company.

The plaintiff then produced a receipt in the following form :

" Received of S. M. Worster fifty dollars, which is in full for rent for land leased said S. by me, by lease of even date herewith, for the term of ten years from the date of said lease.

August 1, 1853.                                         D. PRAY."

A witness proved the signature of the receipt. It was objected that the receipt was not evidence, and it was held merely hearsay. It was also objected, that the receipt purports that August 1, 1853, D. Pray received of S. M. Worster fifty dollars in full for the rent for ten years, which is not according to the lease.

It was proposed to produce a witness who was present at the payment of the fifty dollars, August 1, 1853, and would testify that the payment of that sum was made on the terms and for the purpose mentioned in the receipt, and it was for the purpose of this trial admitted that he would so testify.

A verdict was thereupon taken, by consent, for the defendants, subject to the opinion of the whole court, whether the plaintiff, upon this evidence, had shown such a title to the land as would entitle her to recover damages for any injury done to the land in question, by backwater caused by the defendants' dam below, if such injury was shown,·for the whole or for any and what part of the time charged in the plaintiff's declaration.

*G. N. Eastman* and *Kimball*, for the plaintiff.

*Wells & Burleigh* and *Christie & Kingman*, for the defendants.

BELL, C. J. The first question presented by this case arises upon the sealed writing executed by E. H. Pray to D. Pray, July 8, 1848, on the back of the mortgage which had been assigned to D. Pray.

Worster *v.* Manufacturing Company.

By this writing E. H. Pray acknowledged D. Pray to be indorsee of the note and assignee of the mortgage; that the condition of the mortgage is broken; that D. Pray has entered and taken peaceable possession for the purpose of foreclosing, and that he is in full and lawful possession, and agrees that any entry by him upon the premises during the year next ensuing shall not be considered, or claimed to be in derogation of D. Pray's possession, but in subordination to it.

This writing is offered as evidence of the foreclosure of the mortgage, and it is the only evidence offered for that purpose. The second mode of foreclosing a mortgage provided by the statute, (Rev. Stat., ch. 131, sec. 14), is " by peaceable entry into the mortgaged premises, and continued actual peaceable possession thereof for the space of one year, and by publishing, in some newspaper printed in the same county, a notice" in form prescribed. This writing is not evidence to prove these points. As against E. H. P. and those who claim under him, his admission of a peaceable entry and possession, taken for condition broken and for the purpose of foreclosure, would be evidence of those facts. Probably, if the other facts necessary to constitute a foreclosure were also proved, it would be competent evidence of these facts against every body. But of the next requisite—actual continued peaceable possession for one year—this writing furnishes no evidence. It contains an agreement that any occupation by E. H. Pray during the year should be deemed in subordination to D. Pray's possession. But there it stops. It does not show that either retained the actual possession. It does not constitute E. H. Pray the tenant of D. Pray, nor require him in any way to interfere with the property. There is no evidence in the case that either E. H. or D. Pray were in continued actual possession of the property for a year, and there is no evidence that any notice was ever given by publication, as the statute requires. Con-

sequently no foreclosure was proved, and no competent evidence of foreclosure was offered which the jury could consider.

D. Pray being but the assignee of a mortgage not foreclosed, and not being shown to be in possession, could not make a lease of the property which would pass any right to sue for flowage.

There is no evidence that he was ever in possession; for though E. H. Pray's admission under seal might be evidence, if a foreclosure, complete in other respects, were shown, his admission is evidence against himself, and those who claim under him only, and not against strangers, as these defendants are. As to them, the admissions of E. H. Pray, whether verbal or written, or by deed, are merely hearsay. If living, he may be produced, and his testimony, under oath, laid before the jury, and if not some other evidence under oath must be produced.

In the case of *Hobson* v. *Roles*, 20 N. H. 41, the question arose as to the effect and validity of an acknowledgment of this kind, though it seems not to have been so full as that before us. It was held that an acknowledgment in writing, by the mortgagor, that he surrenders the premises to the mortgagee, does not afford evidence of the subsequent possession of the latter, nor that the party surrendering was in as his tenant; nor does the act amount to a foreclosure. *Gilchrist,* J., says: "There is no evidence of a foreclosure; there is no evidence of his having taken possession of the mortgaged premises. Mathes, on the 1st day of September, 1832, by writing on the back of the assignment, acknowledged that he had surrendered possession of the premises to Carter for breach of condition of the mortgage; but Carter made no entry. The acknowledgment of a surrender of the premises by Mathes is not equivalent to an entry by Carter. It is no evidence that Mathes held from that time as the tenant of Carter,

even if there were evidence that Mathes was in possession at the time."

If D. Pray had been in possession of the premises, his lease of the property would be effectual to convey his interest, whatever it may have been. And the terms of the lease may therefore be considered.

There is no objection to the instrument because it purports to be an indenture between two persons, and is executed by one only, except that it might give rise to a question whether it might not be an imperfect and unfinished instrument. But no such question is raised here. It contains no grant, covenant or stipulation, on the part of the plaintiff, which would call for her signature ; and if executed and delivered as a complete lease, it would be effectual, as if it were a deed poll. The estate conveyed is not an estate for years, nor for life, since no years are mentioned in it, and it is granted to the plaintiff and her heirs and assigns. The estate granted is a qualified and conditional fee, to continue for ever, provided the sum of fifty dollars a year shall be paid, on or before the expiration of every twelve months from the date. In its operation it must be regarded as a grant for a year, to continue for another year if the annual payment is made, and so on. This provision imports not a condition, but a conditional limitation. The estate is to continue so long as the payments are made. The effect would not be materially different if it were regarded as a condition, since the payment must be a condition precedent to the continuance of the estate for another year. Whenever there should be a failure of the payment, the estate must terminate. The mere production of the lease, then, after the termination of one year, does not prove the existence of any right or interest in the premises. It is necessary to show, further, that the condition has been complied with every year, or the estate has terminated. The instrument was dated August 1, 1853 ; the suit is brought December 12, 1855 ; the griev-

ance is alleged from August 1, 1853, to the date of the writ. Upon the construction we give to the instrument, it was valid to August 1, 1854, without any payment, if D. Pray was in a situation to make a valid conveyance. If fifty dollars was paid on or before August 1, 1854, it was then valid for another year, till August 1, 1855, and so on.

The evidence of payment first offered was the receipt of D. Pray. It was not admissible evidence of the payment, being but the declaration in writing of a person who could be sworn, and who could testify to the fact himself.

But it is admitted that a witness would testify that the payment was made in the terms and for the purpose expressed in the receipt, which is dated August 1, 1853.

The receipt, construed most favorably to the plaintiff, imports that D. Pray had received fifty dollars in full for ten years' rent of the land leased; and this would be competent evidence that the rent for ten years, including this fifty dollars, had been paid. But a witness testifying to these facts must state the amount and object of the payment, the agreement, and other circumstances attending it. He could hardly do that in the terms of the admission, and it is useless to conjecture what form the testimony may assume. It is therefore not necessary to pursue the subject further, since there must be

*Judgment on the verdict on the first exception.*